IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

RYAN JOE MICHALEC, )
)
              Petitioner, )
)
v. )   Case No. 23-3064-JWL
)
KEVIN PAYNE, Commandant, )
United States Disciplinary Barracks, )
)
             Respondent. )
)
_____)

## **MEMORANDUM AND ORDER**

Petitioner, a military prisoner, has filed a petition for habeas corpus under 28 U.S.C. § 2241, in which he challenges his convictions by court martial.[1] For the reasons set forth below, the Court **denies** the petition.

Petitioner was convicted of various offenses, including rape and aggravated sexual contact with a child under 12 years of age and indecent conduct. Those convictions were upheld on appeal by two military courts of appeal. *See United States v Michalec*, 2021 WL 267668 (A.F.C.C.A. Jan. 26, 2021), *aff'd in relevant part*, 81 M.J. 314 (C.A.A.F. 2021) (summary disposition).

---

[1] Petitioner previously filed a similar action in which he asserted five claims for relief, but the Court dismissed the petition without prejudice because the petition was a "mixed" petition, containing both exhausted and unexhausted claims. Petitioner was invited to seek exhaustion from the military courts or to resubmit his petition without the unexhausted claim. In his new petition, petitioner asserts three of the four exhausted claims contained in the original petition.

By his present petition, petitioner brings three claims, each of which he raised on direct appeal in the military courts: (1) the trial court erred in denying his motion to suppress evidence obtained from his phone; (2) the trial court erred in admitting certain evidence under Mil. R. Evid. 414 to show propensity; and (3) the prosecutor erred by charging him based on conduct for which a superior had determined that a verbal counseling would be appropriate.

Only days ago, the Tenth Circuit clarified the standard for a district court's consideration of a habeas petition filed by a military prisoner convicted by a court martial. *See Santucci v. Commandant*, __ F.4th __, 2023 WL 3070683, at *7-22 (10th Cir. Apr. 25, 2023). Other than questions of jurisdiction, a district court may consider the merits upon habeas review only if "the military justice system has failed to give full and fair consideration to the petitioner's claims." *See id.* at 10 (citing *Burns v. Wilson*, 346 U.S. 137, 142 (1953)). A court determines whether such full and fair consideration has been given by examining the following four factors:

> 1. The asserted error must be a substantial constitutional dimension. 2. The issue must be one of law rather than of disputed fact already determined by the military tribunals. 3. Military consideration may warrant different treatment of constitutional claims. 4. The military courts must give adequate consideration to the issues involved and apply proper legal standards.

*See id.* at *10 (quoting *Dodson v. Zelez*, 917 F.2d 1250, 1252-53 (10th Cir. 1990)). Military petitioners must establish that all four factors weigh in their favor in order to have the merits of their claims reviewed. *See id.* art 11. "Putting the matter differently, petitioners' failure to show that even one factor weighs in their favor is fatal to their efforts to secure full merits review." *See id.* at *12. "[T]his is especially so, when the factor in question is

one that [the Tenth Circuit has] described as 'the most important,' that is, the fourth, adequate-consideration factor." *See id.* (quoting *Thomas v. U.S. Disciplinary Barracks*, 625 F.3d 667, 671 (10th Cir. 2010)).

Petitioner has not shown that he can satisfy this standard with respect to all four factors for any of his asserted claims.

First, the denial of his motion to suppress does not involve solely a question of law. Petitioner bases his argument in part on disputed facts regarding the need for a second search warrant; the military courts ultimately considered facts in determining whether agents acted reasonably in executing the search, *see Michalec*, 2021 WL 267688, at *12; and the trial and appellate courts also applied the good-faith exception to the exclusionary rule, which turned on facts involving the agents' reliance on the warrant, *see id.* In addition, the Air Force Court of Criminal Appeals conducted a thorough analysis of this claim, over many pages, and thus the military court system gave full consideration to the claim. *See id.* at *6-12. Accordingly, petitioner cannot establish that the second and fourth *Dodson* factors weigh in his favor, and thus the Court does not reach the merits of this claim.

Second, the admission of the propensity evidence does not involve solely a question of law, as petitioner takes issue with the trial court's weighing of certain factors in applying a balancing test. *See id.* at * 5. Moreover, the military court of appeals undertook a thorough analysis of this clam as well on direct appeal, and thus gave the claim full consideration. *See id.* at *3-6. Again, therefore, petitioner cannot establish that the second and fourth *Dodson* factors weigh in his favor, and thus the Court does not reach the merits of this claim.

Third, in his cursory argument concerning his claim of "prosecutorial error," petitioner has not explained how the charge against him gives rise to a claim of "substantial constitutional dimension." Moreover, petitioner raised this claim with the Court of Appeals for the Armed Forces, and thus it may be presumed that that court gave the issue adequate consideration in upholding the convictions. *See Watson v. McCotter*, 782 F.2d 143, 145 (10th Cir. 1986) ("When an issue is briefed and argued before a military board of review, . . . the military tribunal has given the claim fair consideration, even though its opinion summarily disposed of the issue . . . ."), *quoted in Santucci*, 2023 WL 3070683, at *26. Accordingly, petitioner cannot establish that the first and fourth *Dodson* factors weigh in his favor, and thus the Court does not reach the merits of this claim.

IT IS THEREFORE ORDERED BY THE COURT THAT the petition for habeas corpus under 28 U.S.C. § 2241 is hereby **denied**.

IT IS SO ORDERED.

Dated this 27th day of April, 2023, in Kansas City, Kansas.

   /s/   John W. Lungstrum
Hon. John W. Lungstrum
United States District Judge